In re Subpoena Served Upon William VANKOUGHNET for Teamsters Local 985.

Misc. No. ——.

United States District Court,
E. D. Michigan, S. D.
June 8, 1960.

820

George S. Fitzgerald, Detroit, Mich., for petitioner Local 985 and William Vankoughnet.

Frank B. Moore, Jr., Miles F. Ryan, Jr., Robert B. Hummel, Cleveland, Ohio, Atty., Dept. of Justice, for the United States.

THORNTON, District Judge.

The "Motion To Quash Subpoena Duces Tecum And Prayer For Instructions" was filed by Teamsters Local 985 and William Vankoughnet, "as an individual and as Secretary-Treasurer of said Local Union." The subpoena served is for the production of records before the Grand Jury. Petitioners say that officer Vankoughnet is not the custodian of the records of said Local, but that one William E. Bufalino is custodian.

As to certain of the records subpoenaed, the motion indicates that they are in the possession of the United States Senate Select Committee On Improper Activities In The Labor Or Management Field. As to these the Court need not here be concerned, for reasons which are at once obvious and apparent. With those records which are in the possession of the Local, we *are* concerned. In addition to the contention of petitioners that the subpoena is too broad and constitutes a fishing expedition, and in support of which contention petitioners cite the opinion of Judge James C. Connell in the Presser Case,[1] they also rely on a somewhat novel theory relating to custodianship. We will first dispose of the issue of the breadth of the subpoena.

■ There is no similarity whatsoever between the material sought to be reached by the subpoena in Judge Connell's case, supra, and that which is the subject matter of the subpoena here. There, the subpoena was clearly far reaching and beyond the allowable range. Here, what is sought relates to membership data (*as to only a segment of the membership*) covering a particularly identified period of time. It is our ruling here that, insofar as the subpoena relates to records presently in the possession of the Local, such subpoena is within reasonable bounds.

■ The custodian theory advanced by petitioners goes something like this: When you wish to subpoena the records of an organization which is not a corporation, you must first ascertain who or what has been designated by said organization as its custodian (record-wise) and then serve such individual with a subpoena duces tecum. Petitioners cite no authority directly in support of this position. The citations relied upon by them constitute a negative type of rationale. They argue that the rule by which a corporation is bound in this respect has no application to an unincorporated voluntary association. Similar negative reasoning is employed to distinguish a co-partnership. In a catch-all type of argument, petitioners attempt to apply the Landrum-Griffin Act, 29 U.S.C.A. § 401 et seq., to reinforce their theory. They readily admit, however, that they can point to no specific language in said Act relating even remotely to the service of subpoenas. A review of the so-called "Bill of Rights" in this Act fails to disclose any basic philosophy from which such a theory could be developed with any degree of logic * * * or even intuition, if you will. We therefore reject completely the applicability of the Landrum-Griffin Act to this situation as advanced by petitioners in their argument.

It is a matter of no secrecy that this Grand Jury has been convened to in-

1. United States District Court for the Northern District of Ohio—Eastern Division, February 2, 1959 entitled "In re: Ex Rel—William Presser, ect. Charles Bond, ect. Joseph Fontana, ect. John J. Felice, ect. John A. Nardi, ect. Charles Higgins, ect. Nunzio Louis Triscaro, ect. Charles Cimino, ect. Michael P. Rini, ect."

vestigate possible Sherman Act, 15 U.S. C.A. §§ 1-7, 15 note, violations. The last paragraph of the memorandum of law submitted by petitioner Vankoughnet reads as follows:

"If a proper subpoena is served upon William Bufalino, the custodian of the records he will produce to the Grand Jury, all available records or documents required under such subpoena and will testify before said Grand Jury as to same."

Were such a procedure as above outlined to be followed, it would, in effect, constitute a device for directing the Government whom it could and whom it could not subpoena.

 To approach this from a different aspect: Would petitioners seriously contend that when its Government has empaneled a Grand Jury for purposes of investigating possible criminal violations against the laws of said Government that the Government must, at its peril, determine which individual(s) of each and every organization [2] must be served with subpoenas in order to acquire records and documents necessary for the continuation of its investigation? To state the question, it seems to us, is to answer it. The absurdity of the results flowing from the practical application of petitioners' theory alone requires that it be considered as unacceptable and contrary to any established principles of subpoena procedure, and contrary to any possible construction that may be fairly placed upon any recent legislative or decisional law.

Two last observations may be appropriate—one is that we are of the view that the case of Brown v. United States, 276 U.S. 134, 48 S.Ct. 288, 72 L.Ed. 500 is distinctly applicable here, and the other consists of our view that, if there is still any doubt left as to the invalidity of petitioners' custodian theory, the Michigan statute, Comp.Laws 1948, § 613.29, which we have a right to consider here, lays

such doubt to rest by virtue of the following language:

"MSA § 27.759 SERVICE OF PROCESS ON CORPORATIONS, PARTNERSHIPS AND VOLUNTARY ASSOCIATIONS * * *.

Sec. 29. Process issued from any court of record against a corporation, partnership association or unincorporated voluntary association, may be served upon any officer, director, trustee or agent thereof, or by leaving same during regular office hours at the office of such corporation, partnership association or unincorporated voluntary association, with any person in charge thereof * * *."

The motion of petitioners is hereby denied in all respects.

United States District Court
D. Maryland.
June 30, 1960.

---

2. Except corporations and partnerships.